## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ANDRE LUIZ COSTA SOARES,

     Plaintiff,

     v.

UNITED STATES DEPARTMENT
OF STATE; US CONSULATE
GENERAL BRAZIL IN SAO
PAULO; SECRETARY OF THE
UNITED STATES DEPARTMENT
OF STATE; and CONSUL,
AMERICAN CITIZEN SERVICES,

     Defendants.

Case No. 6:24-cv-2153-JSS-RMN

## <u>ORDER</u>

This cause comes before the Court for consideration without oral argument on Plaintiff's Motion for Leave to File Electronically (Dkt. 17), filed on December 16, 2024. Upon consideration, the Motion is due to be granted in part and denied in part.

To begin, *pro se* parties—like all parties—must abide by the requirements of the Court's Local Rules. The Motion does not do so. First, Local Rule 1.08 outlines specific typography requirements that each and every filing with this Court must comply with. Next, Local Rule 3.01(a) requires litigants to include, in each motion, a concise statement of the

precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request. Although the Court could deny Plaintiff's Motion on those grounds alone, it will consider the merits of Plaintiff's request. Future motions that do not comply with the requirements of the Federal Rules of Civil Procedure and the Local Rules may be denied on that basis alone.

In the Motion, Plaintiff seeks access to e-filing with the Court because he is in Brazil and there is a "delay in communication and filing documents with this Court if everything has to be done by mail." Dkt. 17 at 2. Generally, the Court will not grant a request for access to its electronic filing system because of the delay inherent in service of court documents by mail. This is so because, in most cases, a plaintiff who wishes to obtain immediate access to court document may use the PACER system, which provides electronic public access to all federal court records. Litigants do not need the Court's permission to access PACER.

But here the Clerk has a policy of restricting access to most filings because Plaintiff raises a claim under the Immigration and Nationality Act ("INA").[1] So Plaintiff cannot use the PACER system to access court

---

[1] Most lawsuits claiming violations of the INA involve challenges to government immigration decisions. This case is different in that Plaintiff challenges a citizenship determination made by the U.S. Department of State. The INA provisions concerning the citizenship of individuals born outside the United States have changed significantly over the years and

filings without court action. Plaintiff has therefore established good cause for access to the Court's cm/ecf system.

There is not good cause, however, for Plaintiff to use that system for filing purposes. The Court seldom allows *pro se* litigants to utilize its CM/ECF system. *See Administrative Procedures for Electronic Filing* § B(5) (2022); see also *Fischer v. Dist. Sch. Bd. Of Collier Cnty.*, No. 2:10-cv-512, 2010 WL 3522215, at \*1 (M.D. Fla. Sept. 7, 2010). Plaintiff also does not need access to the cm/ecf system to file documents with the Court electronically. Plaintiff may use (and has used) the Court's e-Portal system to file documents.

In pursuing this action, the Court recommends that Plaintiff consider consulting resources available for litigants without lawyers. Plaintiffs may visit the Court's website (www.flmd.uscourts.gov) for resources for unrepresented litigants, including a *Guide for Proceeding Without a Lawyer*. Plaintiff may also get a copy of the *Guide* at the clerk's office. In addition, the Orlando Chapter of the Federal Bar Association operates a Legal Information Program that affords litigants proceeding in federal court without lawyers an opportunity to meet with lawyers to ask

---

most recently in 2001 with the passage of the Child Citizenship Act of 2000 ("CCA"). Because Plaintiff was older than age 18 in 2001, it appears that he is attempting to bring a claim under the former INA section 321, 8 U.S.C. § 1432(a) (1988), which was repealed and replaced by the CCA. *See* Pub. L. No. 106-395, 114 Stat. 1631, 1633 (2000).

general questions about procedures governing cases in federal court. More information about the program, including instructions about how to schedule an appointment, is available on the Court's website at https://www.flmd.uscourts.gov/legal-information-program.

The Court also notes Plaintiff has used different mailing addresses in different filings. One is an Orlando address and the other is in Los Angeles. The Clerk will send official correspondence to one address only. Because most of the filings here include Plaintiff's Los Angeles address, the Clerk is directed to revise Plaintiff's address on the docket to that address and send all court mail to that address unless Plaintiff advises the Court of a change in his address.

The Court also notes that it appears Plaintiff has filed previous cases involving the same or substantially similar claims. For instance, Plaintiff appears to have raised claims based on allegations about Plaintiff's citizenship in *Andre Luiz Costa Soares v. Janecka*, No. 5:20-cv-264 (C.D. Ca.). Another example is the Florida state case referenced in his filings. The most pertinent is *Andre Luiz Costa Soares v. U.S. Department of Homeland Security*, No. 2:22-cv-7337 (C.D. Cal.), in which the presiding District Judge deemed Plaintiff to be a vexatious litigant and prohibited him from filing "any new action or IFP application . . . based on his claims of U.S. citizenship unless [he] has filed a motion for leave to file a

vexatious litigant petition . . . and a Judge of this Court has granted the leave requested."

The notice of related cases filed by Plaintiff does not disclose these or any other case. Plaintiff is directed to file an amended notice that lists all proceedings before a Federal court, state court, or administrative agency in which he has argued he is a citizen of the United States or is the child of a United States citizen.

Plaintiff is cautioned that, even though he is appearing pro se, he is subject to the same standards as other litigants. *See Thomas v. Evans*, 880 F.2d 1235, 1239 (11th Cir. 1989). If Plaintiff's filings are baseless, frivolous, or contain intentional misstatements, he can be sanctioned under Federal Rule of Civil Procedure 11 and other authorities.

Accordingly, it is **ORDERED** that:

1.      Plaintiff's Motion for Leave to File Electronically (Dkt. 17) is **GRANTED IN PART** and **DENIED IN PART**;

2.      Plaintiff is directed to the Court's webpage for directions on registering for cm/ecf access, which can be found at https://www.flmd.uscourts.gov/ sites/flmd/files/documents/flmd-non-attorney-e-file-registration.pdf;

3.      The Clerk is directed to provide Plaintiff with access to the cm/ecf system for viewing documents only. Plaintiff may not file

documents using the cm/ecf system. He must use the e-portal on the Court's website at https://www.flmd.uscourts.gov/electronic-document-submission-web-portal;

4.      The Clerk shall update the mailing address for Plaintiff on the docket; and

5.      Plaintiff shall file an amended notice of related cases consistent with the directions provided in this order on or before January 20, 2025. Failure to file a timely and complete revised notice may result in sanctions, including but not limited to the dismissal of this case.

**DONE** and **ORDERED** in Orlando, Florida, on December 20, 2024.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies furnished to:

Andre Luiz Costa Soares
7095 Hollywood Boulevard, Suite 348
Los Angeles, California 90028